IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KOKKA & BACKUS, PC,

    Plaintiff,

v.

STEVEN R. BLOCH, et al.,

    Defendant.

No. C 10-0110 RS

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

## I. INTRODUCTION

In this action by a law firm seeking to recover unpaid legal fees, the Court previously denied plaintiff's application for a temporary restraining order that would serve as an "asset freeze" of defendant DataScout, Inc.'s patent portfolio—a portfolio plaintiff helped DataScout to obtain. Because plaintiff has still not shown that the Court even has jurisdiction to issue such an asset freeze under the circumstances here, or that such relief is warranted if it is even available, plaintiff's motion for a preliminary injunction will likewise be denied.

## II. BACKGROUND

The basic facts giving rise to this action were described in the order denying a TRO, and will not be repeated here. In opposition to this motion, defendants contend that contrary to plaintiff's allegations, DataScout is not insolvent and is willing to pay plaintiff's outstanding legal bills, provided any amount is found still to be owing after fee arbitration. DataScout has initiated mandatory fee arbitration regarding this matter by filing a demand with the Palo Alto Area Bar Association.

## III. DISCUSSION

### A. Availability of asset freeze

As noted in the prior order, a federal court generally lacks jurisdiction to issue an "asset freeze" simply to ensure that any judgment a plaintiff may ultimately obtain will be collectible. See *Grupo Mexicano de Desarollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319-320 (1999) (holding that in an action for money damages, a district court has no power to issue a preliminary injunction preventing a defendant from transferring assets in which no lien or equitable interest is claimed.) In response to the prior order, plaintiff cites *United States v. Oncology Associates., PC*, 198 F.3d 489 (4th Cir. 1999) for the proposition that an asset freeze is available where equitable remedies involving the assets are sought. In *Oncology Associates*, the government alleged a scheme of Medicare billing fraud and sought imposition of a *constructive trust* on defendants' purportedly ill-gotten gains. The *Oncology Associates* court concluded a preliminary asset freeze was both appropriate and necessary to preserve the court's power to enter final relief imposing the constructive trust.

The court distinguished between two kinds of cases:

First, where a plaintiff creditor has no lien or equitable interest in the assets of a defendant debtor, the creditor may not interfere with the debtor's use of his property before obtaining judgment . . . .

On the other hand, when the plaintiff creditor asserts a *cognizable claim to specific assets of the defendant or seeks a remedy involving those assets*, a court may in the interim invoke equity to preserve the *status quo* pending judgment where the legal remedy might prove inadequate and *the preliminary relief furthers the court's ability to grant the final relief requested.*

2

198 F.3d at 496 (emphasis added).

Here, plaintiff has pleaded a claim under the equitable theory of "unjust enrichment," but it has not shown how that would give it an equitable interest in the patent portfolio or a potential final remedy that directly implicates that asset. Unlike the government in *Oncology Associates*, plaintiff has no basis to say that defendants hold the assets in constructive trust. Rather, plaintiff has shown that it at most has a claim for damages, which, if reduced to judgment, could perhaps be satisfied by executing against the patent portfolio (or any other assets); a showing that simply does not support a pre-judgment asset freeze.[1]

B. Fraud

Although it is not clear that a plaintiff must plead or prove fraud to be entitled to equitable remedies, plaintiff has characterized its "one over-riding allegation" in this action as being that it was induced by fraud to render the services for which it has not been paid. As discussed in the prior order, at a minimum plaintiff cannot expect to establish that its services rendered in November and December of 2009 were induced by fraud, given its contention that it had come to believe by then that DataScout was out of business, insolvent, and intending to pay other creditors first. Even as to the purported fraud occurring earlier, plaintiff has not introduced sufficient evidence to support its contention that defendants requested legal services for which they *intended* not to pay. Plaintiff may be correct that it has *alleged* the requisite state of mind, at least in a conclusory fashion, but it has not made a showing that would support a preliminary injunction, were an injunction otherwise appropriate.

---

[1] It is also significant that plaintiff expressly acknowledges that it does *not* have an attorney's lien on the assets and that it is not proceeding under such a theory. Plaintiff should not be permitted to evade the requirements necessary to create an attorney's lien simply by claiming "unjust enrichment."

3

C. Effect of arbitration

Defendants cite California Business & Professions Code § 6201 for the proposition that initiation of fee arbitration ordinarily gives rise to an automatic stay of a civil proceeding such as this. Defendants acknowledge that the California Code is not binding in, or strictly applicable to, proceedings in this forum. Thus, although defendants' appearance in this action and their initiation of the fee arbitration provide additional grounds for concluding that preliminary relief is not warranted under the circumstances, the Court is not prepared to conclude that this action has been automatically stayed. To the extent that the policy embodied in Business & Professions Code § 6201 might support delaying part or all of these proceedings, depending on the status of fee arbitration, defendants may propose in conjunction with the case management conference, a scheduling order that addresses such issues.

## IV. CONCLUSION

Plaintiff's motion for a preliminary injunction is denied.

IT IS SO ORDERED.

Dated: 02/04/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE